IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUENTIN YATES, *
      Plaintiff
                                            *

   v.                                            CIVIL ACTION NO. DKC-06-811
                                            *

D. PERRY, et al.,
      Defendant                              *
                                            ******

**MEMORANDUM**

     Plaintiff brings this pro se action against Prince George's County Circuit Court Judge Darlene Perry, defense attorney Samuel Hamilton, Assistant State's Attorney for Prince George's County Lloyd Johnson, State's Attorney for Prince George's County Jack Johnson, and the State of Maryland. Plaintiff complains that actions taken by Defendants during his state court criminal trial violated his constitutional rights. Paper No. 1. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2), which shall be granted. Upon review of the complaint, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

     The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without

harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations does not compel the conclusion that Judge Perry acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this pro se litigant has turned to this forum to assert allegations of improper acts against a state court judge.

Likewise, prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). Here, the alleged conduct is clearly "intimately associated with the

judicial phase of the criminal process" and is thus entitled to absolute prosecutorial immunity. *Imbler*, 424 U.S. at 430. For this reason, Plaintiff's claims against Defendants Lloyd Johnson and Jack Johnson are subject to dismissal.

Plaintiff's claim against defense attorney Samuel Hamilton also fails. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant Hamilton, a private attorney, was acting under color of law the complaint shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Lastly, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus Plaintiff's complaint against the State of Maryland is barred by the Eleventh Amendment.

A separate Order shall be entered reflecting the ruling set forth herein.

|  |  |
|---|---|
|   4/17/06   |     /s/     |
| Date | DEBORAH K. CHASANOW<br>United States District Judge |